STATE OF NORTH CAROLINA v. RICKY CHISHOLM

No. 8726SC1002

(Filed 21 June 1988)

1. Narcotics § 3.3— vice officer—opinion that marijuana packaged for private use

In a prosecution for attempted robbery in which defendant contended that the incident was a drug deal gone bad and not an attempted robbery, the trial court properly permitted a vice officer to state his opinion that marijuana found on the victim was packaged in a manner for private use since (1) the evidence supported the trial court's finding that the officer was qualified to testify as an expert in the recognition of narcotics and the use and packaging of marijuana, and (2) the testimony did not invade the province of the jury to pass upon the credibility of witnesses and the guilt or innocence of the defendant but was admissible to corroborate the victim's testimony on the collateral issue that the marijuana was for private use.

2. Impersonating an Officer § 1— erroneous instruction on acting upon false representation—no plain error

In a prosecution of defendant for falsely representing to another that he was a sworn law enforcement officer in violation of N.C.G.S. § 14-277(a), the trial court's erroneous instructions on acting in accordance with the authority of a law enforcement officer as set forth in N.C.G.S. § 14-277(b) did not constitute plain error since the jury was required to find that defendant represented himself as a sworn law enforcement officer to another to convict defendant under either subsection (a) or (b), the evidence supported defendant's conviction as charged under subsection (a), and defendant was sentenced for a conviction under subsection (a).

APPEAL by defendant from *Owens, Judge.* Judgment entered 20 May 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 March 1988.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Melissa L. Trippe, for the State.*

*Appellate Defender Malcolm R. Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

JOHNSON, Judge.

Defendant was charged with the attempted robbery of Danny R. Miller with a dangerous weapon, representing himself as a sworn law-enforcement officer to Danny R. Miller, and the breaking and entering of a motor vehicle belonging to Ralph C. Brewer. To the charge of breaking and entering a motor vehicle, defend-

ant tendered a plea of guilty and to the remaining two charges he pled not guilty. From the return of jury verdicts of guilty to the charges of attempted robbery with a dangerous weapon and im-. personation of a sworn law-enforcement officer, and the imposition of an active sentence, defendant appeals.

The State presented evidence which tended to show the following. At or about 2:30 a.m., on 21 December 1986, Ralph C. Brewer was awakened by loud knocking at his front door. Mr. Brewer went to the door, looked through the window and asked who was there. Defendant was standing at the door and identified himself as a law-enforcement officer with a warrant for Mr. Brewer's arrest. Defendant demanded to be admitted. However, Mr. Brewer refused to open the door and requested defendant to show some identification before he admitted him. When defendant failed to show any identification, Mr. Brewer called the police who arrived within sixty seconds. However, defendant had left the premises when the police arrived. Within thirty seconds of their arrival at Mr. Brewer's house, the police heard two gunshot sounds coming from within the next block. The officers immediately went to the next block where they observed Danny R. Miller standing in the street and the defendant running in the opposite direction. Both Miller and defendant were taken into custody.[1]

Danny R. Miller testified that on 21 December 1986, at or about 2:30 a.m., he had taken his girlfriend home from a date and had just gotten into his car to leave when defendant approached the driver's window of the car. Defendant had a blackjack which he held against the window. He then identified himself as a Charlotte police vice officer. Defendant told him that he was under arrest and to place his hands on the steering wheel. He complied and defendant went to the passenger's side of the car and got in. Upon getting into the car, defendant threatened him with the blackjack and demanded his money. Defendant took his wallet but threw it into the back seat when he found no money in it. When defendant asked him for his money a second time, he told defendant that the money was in the trunk of the car. Defendant got out on the passenger's side of the car, and Miller got

---

1. This appeal does not involve charges of defendant representing himself as a sworn law-enforcement officer to Ralph C. Brewer.

out on the driver's side. While exiting, Miller reached underneath the driver's seat and got his pistol which he fired into the air twice. Defendant started to run down the street at which time the police arrived and arrested both defendant and him.

The State's evidence tended to further show that at the time of defendant's arrest, defendant had in his possession the registration card to Mr. Brewer's car. It was later discovered that Mr. Brewer's car had been broken into and the registration card taken therefrom. Defendant also had some marijuana rolled up in the registration card. When Mr. Miller was taken into custody he had seven to nine grams of marijuana in his possession.

Defendant did not present evidence. However, he defended the case on the theory, which he attempted to show the jury through cross-examination, that the incident between himself and Miller was a "drug deal gone bad," not an attempted robbery; and that Miller was not the victim, but rather the aggressor.

Defendant brings forward two assignments of error. Those assignments of error not brought forward in his brief are deemed abandoned. Rule 10, N.C.R. App. P.

[1]   By his first Assignment of Error defendant contends that the trial court erred in allowing Officer Couch to testify as to how marijuana is generally packaged. He testified that in his opinion, based upon the manner in which the marijuana found in Miller's possession was packaged, it was for private use. Defendant argues that this opinion testimony was outside the scope of the witness' expertise, that it amounted to an opinion vouching for the veracity of the prosecuting witness Miller, that the opinion was based upon an inaccurate hypothetical question, and that the testimony was unduly prejudicial. We find no merit to defendant's contentions.

Although Miller testified that the marijuana found in his possession was for his private use, defendant, through cross-examination, raised an issue that the incident between Miller and defendant was a possible drug deal that did not materialize, not an attempted robbery, and that the marijuana found in Miller's possession was for sale in the drug deal and not for his private use. Thereafter, the State qualified Officer Couch as an expert in the field of the recognition of narcotic drugs, and the use and

packaging of marijuana. He was then allowed to give, over defendant's objection, the opinion testimony.

It is well-settled that expert testimony is properly admissible when such testimony can assist the trier of fact to understand the evidence and to determine a fact in issue because the expert is better qualified. G.S. 8C-1, Rule 702. The evidence of record in the case *sub judice* clearly supports the trial court's findings that Officer Couch, through and including his length of employment as a vice officer, his training, knowledge, and the number of drug purchases he had participated in as a vice officer, provided him with the requisite expertise to testify as to the recognition of narcotic drugs and the use and packaging of marijuana. Officer Couch's opinion testimony did not invade the province of the jury to pass upon the credibility of the witnesses and to decide the guilt or innocence of the defendant. The import of Officer Couch's testimony simply corroborated Miller's testimony on the *collateral* issue that the marijuana was for private use. Any bearing it might have had on the issue of Miller's credibility was purely incidental. Also, although the hypothetical question asked of Officer Couch did not include each and every fact available, it did not present a state of facts so incomplete that his testimony would have been unreliable, and therefore, excluded. Neither do we find that the testimony was unduly prejudicial. Defendant's first assignment of error is without merit.

[2] Next, defendant contends that the trial court erred in its charge to the jury regarding the offense of impersonating a sworn law-enforcement officer. Defendant argues that the instructions provided alternate theories which were not alleged upon which defendant could have been convicted.

Defendant, although given ample opportunity before the giving of the jury instructions and at the conclusion of the instructions, failed to raise any objection to the jury charge. Defendant's failure to raise objection constitutes a waiver and defendant is not permitted to raise the alleged error on appeal. Rule 10(b)(2), N.C.R. App. P. Nonetheless, defendant argues that the alleged error constitutes "plain error."

In *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), the Court held that if the instruction given is shown to be "plain error," the defendant would be entitled to a new trial although

defendant made no objection at trial. Plain error is defined as follows:

> a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*Id.* at 660, 300 S.E. 2d at 378 (1983), *quoting United States v. Mc-Caskill,* 676 F. 2d 995, 1002 (4th Cir. 1982).

G.S. 14-277(a) makes it a criminal offense for an individual to make a false representation to another person that he is a sworn law-enforcement officer. G.S. 14-277(b) makes it a criminal offense for an individual, *while falsely representing to another that he is a sworn law-enforcement officer,* to carry out any act in accordance with the authority granted to a law-enforcement officer. For purposes of (b), an act in accordance with the authority granted to a law-enforcement officer includes:

> (1) Ordering any person to remain at or leave from a particular place or area;
>
> (2) Detaining or arresting any person;
>
> (3) Searching any vehicle, building, or premises, whether public or private, with or without a search warrant or administrative inspection warrant;
>
> (4) Unlawfully operating a vehicle on a public street or highway or public vehicular area equipped with an operating red or blue light or siren in such a manner as to cause a reasonable person to yield the right-of-way or to stop his vehicle in obedience to such red or blue light or siren.

G.S. 14-277(b).

While G.S. 14-277(d) provides in pertinent part that a violation of both (a) and (b) is a misdemeanor, it also provides that a

State v. Chisholm

violation of (a) is punishable under G.S. 14-3(a) and a violation of (b) is punishable under G.S. 14-277(d). The punishment provisions of G.S. 14-3(a) and G.S. 14-277(d) vary.

In the case *sub judice*, defendant was charged with a violation of G.S. 14-277(a) and not G.S. 14-277(b). The trial judge instructed the jury as follows:

> So I charge you that if you find from the evidence, beyond a reasonable doubt, that on or about December 21, 1986, the plaintiff [sic], Ricky Chisholm, falsely represented to another person that he, Ricky Chisholm, was a duly authorized peace officer and that the defendant acted upon such representation, by ordering another person to remain at or leave from a particular place or area, or detaining or arresting any person, or by searching any vehicle, building or premises, whether public or private, with or without a search warrant or an administrative inspection warrant, it would be your duty to return a verdict of guilty to this charge, with respect to the charge of impersonating a peace officer.

That part of the instructions giving the list of acts of authority granted to a law-enforcement officer clearly was error. Defendant was not charged under G.S. 14-277(b). Nonetheless, we do not find that the error rises to the level of "plain error." To have convicted defendant at all under G.S. 14-277 the jury was required to find that defendant represented himself as a sworn law-enforcement officer to another. Clearly the evidence was sufficient for the jury to convict him of violating G.S. 14-277(a), as representing himself as a sworn law-enforcement officer to Danny R. Miller, the only theory alleged in the indictment. We cannot say that "the instructional mistake had a probable impact on the jury's findings that the defendant was guilty." We also note that the sentence imposed was pursuant to G.S. 14-3(a) as required for a conviction under G.S. 14-277(a). This assignment of error is also without merit.

Defendant received a trial free of prejudicial error.

No error.

Chief Judge HEDRICK and Judge ORR concur.